Per Curiam.

Plaintiff’s complaint has been dismissed upon motion for summary judgment, upon the ground that it is not entitled to the protection of the emergency rent laws due to having been merely in constructive possession of the demised premises during the period when it claims to have overpaid its rent. We have held that the object of these statutes was to protect actual users of rental space, not those who seek to make a profit solely by subletting to others (WMCA, Inc., v. Blockfront Realty Corp., 272 App. Div. 800, motion for leave to appeal denied 297 N. Y. 1042). Here there is a triable issue concerning whether plaintiff, an intermediate tenant, was more than a mere entrepreneur of space, due to its having remodeled the building during the term of its lease from the defendant, which is the head tenant. It is true that in support of defendant’s motion to dismiss the complaint, defendant asserts that the money which went to pay for these alterations to the building was supplied by subtenants, and defendant contends that this proves that regardless of whether the intermediate tenant would otherwise have been a mere entrepreneur of space, it acted in this instance as agent for subtenants, and that therefore said subtenants were the real parties in interest. Even if the necessary money were thus supplied, the fact that subtenants helped to finance the intermediate tenant would not prove conclusively that the intermediate tenant leased from the head tenant as agent for the subtenants. Such a relationship of principal and agent, which would be contrary to the form of the transactions as they appear on the face of the papers, could only be established as a result of a trial in the light of the circumstances of the case.
This action which has been brought by the intermediate tenant without joining the subtenants, should be dismissed if it develops from the evidence on a trial that plaintiff has been a mere entrepreneur of space, or acted as agent for the subtenants, but upon the papers now before the court a triable issue has been presented by reason of both of these issues.
The order and judgment appealed from should be reversed, with costs, and defendant’s motion for summary judgment should be denied.
Glennon, Cohn, Callahan and Van Voorhis, JJ., concur; Dore, J., dissents and votes to affirm the order and judgment in defendant’s favor.
Judgment and order reversed, with costs to the appellant, and defendant’s motion for summary judgment denied. [See post, p. 819; 276 App. Div. 893.]